IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYDEX TECHNOLOGIES LLC, <br><br> Plaintiff, <br><br> v. <br><br> HAEMONETICS CORPORATION, <br><br> Defendant. | C.A. No. 13-667 (RGA) <br><br> JURY TRIAL DEMANDED |

**RYDEX TECHNOLOGIES LLC'S REPLY TO
DEFENDANT HAEMONETICS CORPORATION'S COUNTERCLAIMS**

Plaintiff Rydex Technologies LLC ("Rydex" or "Plaintiff"), hereby replies to the Counterclaims filed by Defendant Haemonetics Corporation ("Haemonetics" or "Defendant"), and in doing so denies the allegations of the Counterclaims as specifically stated:

**NATURE AND BASIS OF ACTION**

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq.* Haemonetics requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. 5,913,180 C1 (the "'180 Patent"); and (ii) the '180 Patent is invalid.

**ANSWER:** Rydex admits that Defendant's counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq.*, but denies that Defendant is entitled to said declaratory judgment. Rydex admits that Defendant seeks declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. 5,913,180 C1 (the "'180 Patent"); and (ii) the '180 Patent is invalid. Rydex denies the remaining allegations, averments, and conclusions of law and fact in Paragraph 1.

## THE PARTIES, JURISDICTION, AND VENUE

2. Haemonetics is a corporation organized under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 400 Wood Road, Braintree, Massachusetts 02184.

**ANSWER:** Admitted.

3. On information and belief, Rydex is a Delaware limited liability company with a principal place of business at 113 Barksdale Professional Center, Newark, Delaware 19711.

**ANSWER:** Admitted.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER:** Admitted.

5. This Court has personal jurisdiction over Rydex by virtue of the fact that it has submitted to the jurisdiction of this Court by bring this action.

**ANSWER:** Admitted.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** Admitted.

## FACTUAL ALLEGATIONS

7. Upon information and belief, Rydex purports to be the owner by assignment of the '180 Patent, entitled "Fluid Delivery Control Nozzle."

**ANSWER:** Admitted.

8. Rydex has alleged that the '180 Patent was issued by the United States Patent and Trademark Office on June 15, 1999. Rydex has alleged that the re-examination certificate for the '180 Patent issued on April 26, 2011.

**ANSWER:** Admitted.

9. Haemonetics does not infringe directly or indirectly, by inducement or contributorily, or under the doctrine of equivalents, any valid, enforceable claim of the '180 Patent.

**ANSWER:** Denied.

10. Upon information and belief, all claims of the '180 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

**ANSWER:** Denied.

## COUNTERCLAIM I
**(Declaratory Judgment of Non-Infringement)**

11. Haemonetics realleges and reincorporates the allegations of Paragraphs 1 through 10 of its Counterclaims as if set forth herein in full.

**ANSWER:** Rydex repeats and incorporates by reference its response to the preceding paragraphs of Defendant's Counterclaims as though fully set forth herein.

12. There is an actual and justiciable controversy between the parties concerning Haemonetics' non-infringement of the claims of the '180 Patent.

**ANSWER:** Admitted.

13. Haemonetics is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or contributorily, or under the doctrine of equivalents, any valid, enforceable claim of the '180 Patent.

**ANSWER:** Denied.

## COUNTERCLAIM II
### (Declaratory Judgment of Invalidity of the Patent-in-Suit)

14. Haemonetics realleges and reincorporates the allegations of Paragraphs 1 through 10 of its Counterclaims as if set forth herein in full.

**ANSWER:** Rydex repeats and incorporates by reference its response to the preceding paragraphs of Defendant's Counterclaims as though fully set forth herein.

15. There is an actual and justiciable controversy between the parties concerning the validity of the patent asserted against Haemonetics for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 102, 103, and 112.

**ANSWER:** Rydex admits there is an actual and justiciable controversy between the parties concerning the validity of the patent. Rydex denies the remaining allegations, averments, and conclusions of law and fact in Paragraph 15.

16. Haemonetics is entitled to a judicial declaration and order that the '180 Patent is invalid.

**ANSWER:** Denied.

## AFFIRMATIVE DEFENSES

By way of further answer, as Affirmative Defenses to Defendant's Counterclaims, and without assuming any burden that it would not otherwise have, Rydex states as follows:

### First Affirmative Defense

Defendant's Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Rydex expressly reserves the right to assert any other legal or equitable defenses to which it is entitled.

## DEMAND FOR JURY TRIAL

Rydex demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, in addition to the relief quested in its Complaint, Rydex respectfully prays that this Court:

A. Dismiss Defendant's Counterclaims in their entirety with prejudice, with Defendant taking nothing thereby;

B. Declare this action to be exceptional pursuant to 35 U.S.C. § 285 and award Rydex its costs and attorneys' fees incurred in defending against these Counterclaims; and

C. Award Rydex any and all further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 8, 2013    STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis #4606
　　stamoulis@swdelaw.com
Richard C. Weinblatt #5080
　　weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
*Attorneys for Plaintiff*
*Rydex Technologies LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2013, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Stamatios Stamoulis*

Stamatios Stamoulis