**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| RYDEX TECHNOLOGIES, LLC<br><br>      Plaintiff,<br><br>v.<br><br>ANIMAS CORPORATION, JOHNSON & JOHNSON SERVICES, INC.,<br><br>      Defendants. | Civil Action No. 1:13-cv-00662-RGA<br><br>JURY TRIAL DEMANDED |
| RYDEX TECHNOLOGIES, LLC<br><br>      Plaintiff,<br><br>v.<br><br>B. BRAUN MEDICAL, INC. and B. BRAUN MELSUNGEN AG,<br><br>      Defendants. | Civil Action No. 1:13-cv-00663-RGA<br><br>JURY TRIAL DEMANDED |
| RYDEX TECHNOLOGIES, LLC<br><br>      Plaintiff,<br><br>v.<br><br>BAXTER INTERNATIONAL, INC.,<br><br>      Defendant. | Civil Action No. 1:13-cv-00664-RGA<br><br>JURY TRIAL DEMANDED |
| RYDEX TECHNOLOGIES, LLC<br><br>      Plaintiff,<br><br>v.<br><br>CAREFUSION CORPORATION,<br><br>      Defendant. | Civil Action No. 1:13-cv-00665-RGA<br><br>JURY TRIAL DEMANDED |

| | |
|---|---|
| RYDEX TECHNOLOGIES, LLC<br><br>        Plaintiff,<br><br>v.<br><br>HAEMONETICS CORPORATION,<br><br>        Defendant. | Civil Action No. 1:13-cv-00667-RGA<br><br>JURY TRIAL DEMANDED |
| RYDEX TECHNOLOGIES, LLC<br><br>        Plaintiff,<br><br>v.<br><br>HOSPIRA, INC.,<br><br>        Defendant. | Civil Action No. 1:13-cv-00668-RGA<br><br>JURY TRIAL DEMANDED |
| RYDEX TECHNOLOGIES, LLC<br><br>        Plaintiff,<br><br>v.<br><br>MEDRAD, INC.,<br><br>        Defendant. | Civil Action No. 1:13-cv-00671-RGA<br><br>JURY TRIAL DEMANDED |
| RYDEX TECHNOLOGIES, LLC<br><br>        Plaintiff,<br><br>v.<br><br>SMITHS MEDICAL and SMITHS MEDICAL ASD, INC.,<br><br>        Defendants. | Civil Action No. 1:13-cv-00675-RGA<br><br>JURY TRIAL DEMANDED |

# [PROPOSED] SCHEDULING ORDER

This _____ day of _____, 2014, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Rule 26(a)(1) Initial Disclosures</u>.  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **February 21, 2014**.[1]

2. <u>Local Rule Disclosures</u>. Information regarding Delaware Default Standard for Discovery Paragraph 3 shall be served on or before **February 21, 2014**; Plaintiff shall serve/produce information regarding Delaware Default Standard for Discovery Paragraph 4(a) on or before **February 21, 2014**; Defendants shall serve/produce information regarding Delaware Default Standard for Discovery Paragraph 4(b) on or before **March 24, 2014**; Plaintiff shall serve/produce information regarding Delaware Default Standard for Discovery Paragraph 4(c) on or before **April 23, 2014**; Defendants shall serve/produce information regarding Delaware Default Standard for Discovery Paragraph 4(d) on or before **May 23, 2014**.

3. <u>Joinder of Other Parties and Amendment of Pleadings</u>.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **September 30, 2014** except that a motion to amend the pleadings to include a claim of inequitable conduct shall be filed on or before **March 17, 2015.**

---

[1] The provisions of this Order shall not apply to B. Braun Melsungen AG because it has not been served by Plaintiff under Rule 4, Fed.R.Civ.P.  The parties shall confer regarding the status of B. Braun Melsungen AG in the litigation.

4. <u>Discovery</u>.

a. <u>Discovery Cut Off</u>. All fact discovery in this case shall be initiated so that it will be completed on or before **May 8, 2015.**

b. <u>Document Production</u>. Document production shall be substantially complete by **August 22, 2014.**

c. <u>Requests for Admission</u>. A maximum of **35** requests for admission to each Defendant are permitted for Plaintiff. Defendants are permitted 25 common requests for admission, plus an additional 10 individual requests for admission from each individual Defendant.

d. <u>Interrogatories</u>. A maximum of **25** interrogatories to each Defendant, including contention interrogatories, are permitted for Plaintiff. Defendants are permitted 10 common interrogatories, plus an additional 15 individual interrogatories from each individual Defendant (all inclusive of contention interrogatories).

e. <u>Depositions</u>.

i. <u>Limitation on Hours for Deposition Discovery</u>. Plaintiff shall be limited to a total of **30** hours of taking testimony by deposition upon oral examination per defendant. Defendants may collectively take up to 70 hours of fact depositions of Plaintiff. No single Defendant shall be permitted more than 35 hours of fact depositions of Plaintiff. Notwithstanding the foregoing, Defendants may also collectively depose an inventor for a maximum of 14 hours, but no single Defendant shall be permitted more than 7 hours of deposition time per inventor. **[PLAINTIFF'S PROPOSAL, WHICH DEFENDANTS OPPOSE: The 14 hour limit on inventors should be inclusive of any 30(b)(6) testimony on which the inventor is designated.]** Each side may collectively take up to 140 hours of third

party depositions. The foregoing limitations do not apply to depositions of experts. The foregoing limitations are without prejudice to the right of Plaintiff or the Defendants to request additional hours from the Court for good cause shown.

      ii.  Location of Depositions. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

   f.  Discovery Matters and Disputes Relating to Protective Orders. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument.  Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues.  By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.  Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

   If a discovery-related motion is filed without leave of the Court, it will be denied without prejudice to the moving party's right to bring the dispute to the Court through the discovery matters procedures set forth in this Order.

5. Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within ten days from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated as confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

6. Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to the Clerk an original and one copy of the papers. A redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

7. Courtesy Copies. The parties shall provide to the Court two courtesy copies of all briefs and one courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal.

8. Claim Construction Issue Identification. On or before **August 26, 2014**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **September 9, 2014**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging claim constructions, the parties will meet and confer to prepare a Joint Claim

Construction Chart to be filed no later than **October 21, 2014**.  The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  The inclusion of only intrinsic evidence is not meant to prevent a party from relying on extrinsic evidence in its claim construction briefs.  A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

9. <u>Claim Construction Briefing</u>. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **October 21, 2014**.  The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **November 18, 2014**.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **December 2, 2014**.  The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **December 16, 2014**.  No later than **December 30, 2014**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiff's Opening Position
        2. Defendant's Answering Position

        3.     Plaintiff's Reply Position
        4.     Defendant's Sur-Reply Position

    B.     [TERM 2]

1.     Plaintiff's Opening Position
2.     Defendant's Answering Position
3.     Plaintiff's Reply Position
4.     Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    10.     <u>Hearing on Claim Construction</u>. Beginning at _____ \_\_.m. on **January \_\_\_, 2015**, the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

    11.     <u>Disclosure of Expert Testimony</u>.

    a.     <u>Expert Reports</u>. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **May 8, 2015**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **June 19, 2015**. Reply expert reports from the party with the initial burden of proof are due on or before **July 10, 2015**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **August 21, 2015**.

    b.  <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    c.  <u>Expert Depositions</u>.  Expert depositions are limited to a maximum of 7 hours per expert, unless an expert serves more than one report, in which case that expert's deposition shall be extended an additional [**PLAINTIFF'S PROPOSAL: 2**] [**DEFENDANTS' PROPOSAL: 5**] hours for each report after the first.  Time allowed for an expert deposition may be adjusted by agreement of the parties.   An expert report that addresses alleged infringement of multiple Defendants shall count as multiple expert reports for the purpose of this paragraph.

  12.  <u>Case Dispositive Motions</u>.

  a. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 2, 2015**.  No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

  **b.  [DEFENDANTS' PROPOSAL, WHICH PLAINTIFF OPPOSES: Defendants may file one letter to the Court of no more than three pages after Plaintiff provides its infringement contentions pursuant to the Delaware Default Standard for Discovery explaining why Defendants should be permitted to file a motion for summary judgment of noninfringement earlier than the date set forth above.  Plaintiff may respond to Defendants' letter by filing a letter to the Court of no more than three pages no later than one week after the opening letter.  Defendants collectively may respond to the**

**Plaintiff's letter by filing one letter of no more than two pages no later than one week after the answering letter.]**

Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

13.	Trial Sequencing Conference. On **December \_\_\_, 2015** at \_\_\_\_\_ \_.m., the Court will hold a Rule 16 conference to discuss the sequence in which the above-captioned cases shall be scheduled for trial.  The parties shall file a joint proposed statement setting forth their positions regarding trial sequencing and scheduling no later than 5:00 p.m. on the third business day before the date of the sequencing conference.

14.	Pretrial Conference. On **February \_\_\_, 2016**, the Court will hold a Rule 16(e) final pretrial conference in Court with counsel beginning at \_\_\_\_\_ \_.m.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5 p.m. on the third business day before the date of the final pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.

15.	Motions in Limine.  Motions in limine shall not be separately filed.  All in limine requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three in limine requests, unless otherwise permitted by the Court.  The in limine request and any response shall contain the authorities relied upon; each in limine request may be supported by a maximum of three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the in limine request may add a maximum of one additional page in reply in support of its request.  If more than one party is supporting or

opposing an in limine request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply).  No separate briefing shall be submitted on in limine requests, unless otherwise permitted by the Court.

16. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial conference.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word or WordPerfect format to rgacivil@ded.uscourts.gov.

17. Trial.  This matter is scheduled for a ___day trial beginning at 9:30 a.m. on **March ___, 2016**, with the subsequent trial days beginning at 9:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

18. ADR Process.  This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

_____
UNITED STATES DISTRICT JUDGE